

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

BRUCE HERDT,                                           -

    Plaintiff,                                    -      Case No.:  3:14CV235

                                                  -      PLAINTIFF'S COMPLAINT

v.                                                     -

                                                  -

GC SERVICES LIMITED PARTNERSHIP,-

                                                  -

    Defendant.                                     -

## <u>COMPLAINT</u>

BRUCE HERDT ("Plaintiff"), through his attorneys, alleges the following against GC SERVICES LIMITED PARTNERSHIP, ("Defendant"):

### INTRODUCTION

1.      Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3.      Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Defendant conducts business in the State of Virginia establishing personal jurisdiction.

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6.      Plaintiff is a natural person residing in Woodbridge, Prince William County, Virginia.

7.      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8.      Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9.      Defendant is a business entity with an office located at 6330 Gulfton, Houston, Texas 77081.

10.     Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

11.     Prior to the filing of this Complaint, Defendant was assigned an account from a third party to collect monies from Plaintiff which are alleged to be past due ("debt").

12.     Upon information and belief, the aforementioned debt arises from transactions that were for personal, family and/or household purposes.

13.     In its collection attempts, Defendant placed telephone calls ("collection calls") to Plaintiff at his place of residence and on his cellular telephone, (703) 670-80xx and (703) 628-88xx, respectively.

14.     Defendant has been assigned multiple telephone that is displayed for a recipient when it calls, including, but not limited to, (202) 304-1885, (202) 304-1855, (202) 304-1915 and (202) 304-1856.

15. Defendant placed an excessive number of collection calls to Plaintiff, calling Plaintiff multiple times throughout the day.

16. Accordingly, Plaintiff began to record the pattern of Defendant's collection calls.

17. Between September 14, 2013 and September 17, 2013, a period of 4 days, Defendant placed at least 18 collection calls to Plaintiff.

18. Defendant's excessive collection calls include, but are not limited to:

1) 9/14/13 – 8:22am, 202-304-1885;
2) 9/14/13 – 9:37am, 202-304-1855;
3) 9/14/13 – 11:16am, 202-304-1855;
4) 9/15/13 – 11:09am, 202-304-1885;
5) 9/15/13 – 12:43pm, 202-304-1885;
6) 9/15/13 – 12:46pm, 202-304-1885;
7) 9/15/13 – 3:37pm, 202-304-1885;
8) 9/15/13 – 3:39pm, 202-304-1885;
9) 9/15/13 – 4:48pm, 202-304-1885;
10) 9/16/13 – 8:49am, 202-304-1915;
11) 9/16/15 – 8:52pm, 202-304-1915;
12) 9/16/13 – 11:13am, 202-304-1915;
13) 9/16/13 – 11:14am, 202-304-1915;
14) 9/16/13 – 12:10pm, 202-304-1915;
15) 9/16/13 – 1:10pm, 202-304-1915;
16) 9/17/13 – 8:28am, 202-304-1856;
17) 9/17/13 – 9:35am, 202-304-1856; and
18) 9/17/13 - 11:44am, 202-304-1856.

19. Defendant would place back to back collection calls to Plaintiff.

20. Plaintiff was annoyed by Defendant's constant, continuous and excessive telephone calls, and felt harassed and abused by Defendant.

21. Defendant used harassing conduct in connection with its attempts to collect the alleged debt from Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

a.   Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to annoy Plaintiff.

b.   Defendant violated § 1692d(5) of the FDCPA by causing Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and/or harass Plaintiff.

WHEREFORE, Plaintiff, BRUCE HERDT, respectfully requests judgment be entered against Defendant, GC SERVICES LIMITED PARTNERSHIP, for the following:

23.   Statutory damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

24.   Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k

25.   Any other relief that this Honorable Court deems appropriate.

DATED: ~~February 7~~ March 28, 2014

RESPECTFULLY SUBMITTED,

By: _____

Richard W. Ferris, Esq.
VSB# 31812
530 East Main Street
Suite 710
Richmond, VA 23219
(804) 767-1800
(888) 251-6228 FAX
rwferris@ferriswinder.com

4